ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 9 2015

CLERK, U.S. DISTRICT COURT
by _____

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. |
| v. | |
| RICHARD FERDINAND TOUSSAINT, JR. | 3-15CR-0215P |

## INDICTMENT

The Grand Jury Charges:

### Counts One – Seventeen
Health Care Fraud, Aiding and Abetting
(Violation of 18 U.S.C. §§ 1347 and 2)

### THE DEFENDANT

As set forth more fully below, the defendant, Richard Ferdinand Toussaint, Jr. (Toussaint) is a medical doctor licensed to practice in the State of Texas. Toussaint is an anesthesiologist and the founder of Ascendant Anesthesia (AA).

1.     Toussaint provided anesthesia services personally and through AA. AA was located at 11990 North Central Expressway, Dallas, Texas, 75243.

2.     Toussaint and AA commonly billed, or caused to be billed, three health care programs for the services allegedly performed: (1) Blue Cross Blue Shield of Texas (BCBS); (2) UnitedHealthcare (UHC); and (3) the Federal Employees Health Benefits Program (FEHBP).

Indictment - Page 1

3.      Toussaint and AA billed BCBS, UHC, and FEHBP using BCBS Provider

Identification Number XXXXXX4754, National Provider Identification Number

XXXXXX4754, and Medicare Provider Identification Number of XXXXX0934.

4.      In or about 2009 and continuing to in or about 2010, Toussaint practiced

medicine at (1) Forest Park Medical Center (FPMC) located at: 11990 North Central

Expressway, Dallas, Texas 75243; and (2) Doctors Hospital at White Rock Lake

(DHWRL) located at: 1151 North Buckner Boulevard, Dallas, Texas 75218.

## HEALTH CARE BENEFIT PROGRAMS

5.      Blue Cross Blue Shield of Texas (BCBS), was a private health benefit plan

offered in the State of Texas that provided health care benefits to individuals enrolled for

coverage under individual and group policies.

6.      UnitedHealthcare (UHC) was a health care insurance company that

provided health care benefits to individuals enrolled for coverage under individual and

group policies.

7.      The Federal Employees Health Benefits Program (FEHBP) was a federally-

funded health benefit program provided by the federal government for federal employees,

retirees, and their eligible spouses and dependent children.  Office of Personnel

Management (OPM) administered the FEHBP.  OPM contracted with a number of

different health insurance plans, including BCBS plans.

8.      To obtain payment from an insurance carrier like BCBS or UHC the

provider or the provider's designee was required to submit claims to the insurance

Indictment - Page 2

carrier that included, among other things, the following information: (1) the provider's unique provider identification number, (2) the patient's name, (3) the patient's diagnosis prescribed by a standardized code, (4) a description of the service(s) rendered to the patient using standardized codes, (5) the date and location the services were provided, and (6) the amount claimed for payment.

9.    BCBS, UHC, and FEHBP relied on the provider, Toussaint, to submit true and accurate claims.

10.    BCBS, UHC, and FEHBP were "health care benefit programs" as defined by 18 U.S.C. § 24(b) during the relevant time period.

<u>BACKGROUND ON PROPER BILLING</u>

11.    With BCBS, UHC, and FEHBP, Toussaint knew that he could bill and be paid for providing medically directed anesthesia services if he rendered the services under certain conditions.  Those conditions consisted of the following:

    a.  For each patient, the physician must –

        i.    Perform a pre-anesthetic examination and evaluation;

        ii.   Prescribe the anesthesia plan;

        iii.  Ensure that any procedures in the anesthesia plan that he does not perform, are performed by a qualified individual as defined in operating instructions;

        iv.   Personally participate in the most demanding aspects of the anesthesia plan including, if applicable, induction and emergence;

v.      Monitor the course of anesthesia administration at frequent intervals;

vi.     Remain physically present and available for immediate diagnosis and treatment of emergencies; and

vii.    Provide indicated post-anesthesia care.

b.  The physician cannot direct more than four anesthesia services concurrently and cannot perform any other services while he is directing the single or concurrent services so that one or more of the conditions in paragraph (a) above are not violated.

c.  The physician alone is required to specifically document that he performed the pre-anesthetic exam and evaluation, provided the indicated post-anesthesia care, and was present during the most demanding procedures, including induction and emergence.

## MANNER AND MEANS OF THE SCHEME

12.    Toussaint devised a scheme and artifice to defraud health care benefit programs, namely BCBS, UHC, and FEHBP, beginning in or about 2009 and continuing to in or about 2010, in the Dallas division of the Northern District of Texas, by submitting, and causing to be submitted, false and fraudulent claims for personally performing medical direction of anesthesia services for certified registered nurse anesthetists (CRNAs).

13.    Toussaint billed for directing, but did not, in fact, direct these CRNAs. It was part of the scheme and artifice to defraud that Toussaint, in his claims to BCBS and UHC:

   a.   falsely represented that he was "present for" these services when he was under anesthesia undergoing surgery himself;

   b.   falsely represented that he was "present for" these services when he was flying on his private jet;

   c.   falsely represented that he was "present for" these services when he was in another state; and

   d.   falsely represented that he was "present for" these services when he was at another hospital several miles away.

By way of example, Toussaint submitted or caused to be submitted several claims representing that he was present for and supervising six patients at two different hospitals and was medically directing two patients while under anesthesia himself.

14.    It was further part of the fraudulent scheme that Toussaint falsely represented, through the creation of false medical records, that he had:

   a.   participated in face-to-face services;

   b.   engaged in personal participation;

   c.   been physically present during the most demanding and risky aspects of the anesthesia plan including, induction and emergence; and

    d.   remained physically present and available for immediate diagnosis and treatment of emergencies to the patients identified in the claims.

15.    In addition, despite not being there, Toussaint would also inflate the amount of time the procedures took in an attempt to bill more money.

16.    Toussaint pre-signed the patient medical records, representing that services were provided before the procedures even took place.

17.    Toussaint would hand write his initials in both the top and bottom right sections of the medical record in the "Pre-Anesthesia Consultation & Plan" and "Anesthesia & Surgical Vents" sections and then leave the hospital.  He would also hand write on the chart "Present for induction and emergence" along with his initials – knowing he would not be present for these events.

18.    In addition to personally creating false medical records and inflating anesthesia procedure time, Toussaint directed others to do the same, representing that he was present for these procedures when he knew he was not.

19.    As part of Toussaint's approximately one and a half year scheme to defraud, Toussaint billed BCBS, UHC, and FEHBP over eight million dollars (at least $5 million dollars of which was fraudulent), falsely claiming that he was present for and personally participating in the procedures.

20.     He would, however, commonly attend if the patient was a friend or a celebrity.

EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

21.     Paragraphs 1 through 20 are incorporated by reference as if fully set out herein.

22.     Beginning in or about 2009 and continuing to in or about 2010, in the Dallas division of the Northern District of Texas, the defendant, Richard Ferdinand Toussaint, aided and abetted by others known and unknown to the grand jury, did knowingly and willfully devise and execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in 18 U.S.C. § 24(b), that is, BCBS, UHC, and FEHBP, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, the health care benefit program, in connection with the delivery of, and payment for, health care benefits, items, and services.

23.     Specifically, on or about the listed dates below, the Defendant attempted to submit, submitted, or caused to be submitted false and fraudulent claims to BCBS, UHC, and other insurers and programs, for reimbursement for personally performing medical direction of anesthesia services for CRNAs:

| Count | First Name | Last Name | Service on or about | Insurer | Claim Number | Amount Billed | Amount Paid |
|---|---|---|---|---|---|---|---|
| 1 | S. | W. | 11/21/2009 | BCBS | 00002009355502G5740X | 1533.00 | 310.01 |
| 2 | C. | W. | 11/21/2009 | BCBS | 00002009355505Y5500X | 1533.00 | 310.01 |
| 3 | N. | L. | 11/21/2009 | UHC | 237594452701 | 1533.00 | 832.00 |
| 4 | Q. | P. | 12/31/2009 | UHC | 242678130701 | 1405.00 | 1124.00 |
| 5 | M. | T. | 12/31/2009 | BCBS | 0000201005350L05430X | 1533.00 | 310.01 |
| 6 | M. | T. | 12/31/2009 | BCBS | 0000201005350L05430X | 256.00 | 86.00 |
| 7 | V. | F. | 12/31/2009 | BCBS | 000020100435048W070X | 1277.00 | 477.00 |
| 8 | T. | B. | 12/31/2009 | UHC | 242141130601 | 1277.00 | 1225.00 |
| 9 | K. | W. | 12/31/2009 | BCBS | 00002010137503J9620X | 1152.00 | 279.01 |
| 10 | T. | B. | 12/31/2009 | BCBS | 0000201004350292D20X | 2941.00 | 310.01 |
| 11 | J. | B. | 12/31/2009 | BCBS | 0000201005350b67600x | 2813.00 | 662.50 |
| 12 | M. | M. | 12/31/2009 | BCBS | 0000201004050669Q30X | 3069.00 | 3069.00 |
| 13 | S. | T. | 3/5/2010 | UHC | 251736932801 | 1533.00 | 1300.00 |
| 14 | D. | F. | 5/14/2010 | UHC | 262377881601 | 3080.00 | 2464.00 |
| | | | | | | $24,935.00 | $12,758.55 |
| Inflated Time 15 | J. | J. | 4/4/2009 | BCBS | 000091395159 0590X | 1,500 | 1,268.03 |
| 16 | R. | T. | 11/21/2009 | BCBS | 00009355501G6180X | 1,500 | 0 |
| 17 | C. | W. | 11/21/2009 | BCBS | 00009355502Y3710X | 1,500 | 143.64 |

All in violation of 18 U.S.C. §§ 1347 and 2.

Forfeiture Notice
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7)

1.      The allegations contained in Counts One-Seventeen of this Indictment are

hereby re-alleged and incorporated by reference for the purpose of alleging any

forfeiture pursuant to 18 U.S.C. §§ 981 and 982.

2.      Upon conviction of the offenses in violation of 18 U.S.C. §§ 1347 and 2, set

forth in Counts One-Seventeen of this Indictment, the defendant, **RICHARD**

**FERDINAND TOUSSAINT, JR.**, shall forfeit to the United States of America,

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and/or 18 U.S.C. §

982(a)(7), any property constituting, or derived from, proceeds obtained, directly or

indirectly, as a result of such violation(s).  The property to be forfeited includes, but

is not limited to, the following:

1. SCA664S50AUX48791 for a 2010 Rolls Royce Ghost– 5/3/10
2. 4JGBB5GB3BA650750 for a 2011 Mercedes ML350 – 9/17/10
3. SCBFR7ZA3CC072207 for a 2012 Bentley Continental GT – 8/13/11
4. SCBBB7ZH7BC016124 for a 2011 Bentley Mulsanne – 9/1/11
5. SCA664L58CUX65596 for a 2012 Rolls Royce Ghost – 2/27/12
6. SBM11AAAXCW000658 for a 2012 McLaren MP4-12C – 2/23/12
7. SBM11FAA2FW004690 for a 2105 McLaren 650S Spider – 3/26/15
8. SCBBB7ZH8GC001661 for a 2016 Bentley Mulsanne – 4/1/15
9. any and all real property; and
10. any and all interest in aircraft;

The government also intends to seek a money judgment.

3.      If any of the property described above, as a result of any act or omission of
the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and/or 18

U.S.C. § 982(b)(1).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and/or 18 U.S.C. §

982(a)(7).

A TRUE BILL:

_____
FOREPERSON

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

_____
BRANDON N. MCCARTHY
Assistant United States Attorney
Texas State Bar No. 24027486
1100 Commerce, Third Floor
Dallas, TX 75242
brandon.mccarthy@usdoj.gov
Telephone:  214.659.8667
Facsimile:  214.659.8809

Indictment - Page 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

RICHARD FERDINAND TOUSSAINT, JR.

INDICTMENT

18 U.S.C. §§ 1347 and 2
Healthcare Fraud, Aiding and Abetting

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7)
Forfeiture Notice

17 Counts

A true bill rendered

DALLAS                                                            FOREPERSON

Filed in open court this _19th_ day of May, 2015

                                                                        Clerk

**SUMMONS TO ISSUE**

UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE
No Magistrate Case Pending