IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:15-CR-215-P |
| v. | |
| RICHARD FERDINAND TOUSSAINT, JR. | |

## GOVERNMENT'S AGREED MOTION
## FOR INTERLOCUTORY SALE OF PROPERTY

The United States of America (the Federal Government), with the agreement of Defendant Richard Ferdinand Toussaint, Jr., requests that the Court enter an Order authorizing the sale of an airplane owned by BT Aviation, LLC, noted as subject to forfeiture in the Indictment.

1. According to records, Defendant is the President of BT Aviation, LLC. The Defendant and his wife, Adelle Toussaint, are the sole members and managers of BT Aviation (Defendant, BT Aviation, LLC, and Adelle Toussaint are individually and together referred to as the Sellers). Mrs. Toussaint also agrees to this motion.

2. On May 19, 2015, a grand jury indicted Defendant on seventeen counts of health care fraud, a violation of 18 U.S.C. §§ 1347 and 2, in the above-captioned case.

3. The Indictment contained a Forfeiture Notice informing Defendant that the government would be seeking the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7), of "any and all interest in aircraft" owned or obtained by Defendant as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the alleged health care fraud. A 2000 Cessna 560XL

(Citation Excel), serial number 560-5067 and FAA Registration Number N309BT (the Property), currently owned in the name of BT Aviation, is subject to forfeiture under this notice. The Property is currently in the custody of BT Aviation.

4. Thorndike Ventures LLC and Todd M. Coady, the sole member and manager of Thorndike Ventures LLC, both of which are uninvolved with the present criminal case, (collectively the Buyer) agreed to purchase the Property from BT Aviation prior to the Indictment. According to the Aircraft Sale Purchase Agreement dated April 27, 2015, as revised by the Supplement dated July 7, 2015 (collectively the Sale Agreement), the purchase price is $3,450,000.00. (*See* Exhibit A.)

5. To preserve the value of the Property, the Federal Government has agreed to the pre-trial sale of the Property by the Sellers to the Buyer pursuant to the Sale Agreement. (*See* Exhibit B.) Further, the Federal Government and the Sellers agree the net proceeds of the sale will be held by the Defendant's counsel, Richard Roper, in his client trust fund, in escrow and treated as the substitute *res* of the Federal Government's forfeiture claim to the Property, pending disposition of forfeiture proceedings in this case. The net proceeds are defined as the gross sales price less any taxes and expenses incurred by the Sellers in connection with the sale, including but not limited to, broker and legal fees, repairs, inspections, and escrow fees.

## ARGUMENT AND AUTHORITIES

6. Statutory authority for an interlocutory sale in a criminal forfeiture action can be found in 21 U.S.C. § 853(e)(1) (incorporated by reference to this forfeiture by 18 U.S.C. § 982(b)(1)), which states in part:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property....

Also see *United States v. One Parcel of Real Property Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1390 (10th Cir. 1997).

7. No prejudice should result to the Federal Government or to Defendant as a result of the proposed sale, while the Defendant will be prejudiced by the continuing expense related to the Property's storage and maintenance, and both parties will be prejudiced by the potential devaluation of the Property, absent an interlocutory sale.

8. By agreeing to this Motion and the requested sale, Defendant neither admits he is guilty of any charge in the Indictment nor that the Property is subject to forfeiture, and he does not relinquish his right to the Property (or the substitute *res*.)

9. The Federal Government agrees not to seek further forfeiture proceedings against the Property based on any act, action, or omission of the Sellers.

## III. CONCLUSION

10. For these reasons, the Federal Government, with the Defendant's agreement, asks the Court to enter an Order authorizing sale of the Property as outlined above.

>Respectfully submitted,
>
>JOHN R. PARKER
>ACTING UNITED STATES ATTORNEY
>
>*/s/ Lea A. Carlisle*
>LEA A. CARLISLE
>Assistant United States Attorney
>Texas Bar No. 24031793
>1100 Commerce Street, Third Floor
>Dallas, TX  75242-1699
>Telephone: 214-659-8600
>Lea.carlisle@usdoj.gov

## **CERTIFICATE OF CONFERENCE**

I certify that on July 7, 2015, I sent a copy of this motion to Richard Roper (Richard.roper@tklaw.com), counsel for defendant Richard F. Toussaint.  On July 7, 2015, I received an electronic mail message from Richard Roper that his client agreed to join in the motion.

>*/s/ Lea A. Carlisle*
>Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that on July 7, 2015, I electronically filed this document with the Clerk for the United States District Court, Northern District of Texas, using the electronic case filing ("ECF") system.  The ECF system will send a "Notice of Electronic Filing" to all parties/counsel for record who have consented in writing to accept the Notice as service of this document by electronic means.

>*/s/ Lea A. Carlisle*
>Assistant United States Attorney