ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 18 2016

CLERK, U.S. DISTRICT COURT
By _____

| UNITED STATES OF AMERICA | NO. 3:15-CR-0215-P |
|---|---|
| v. | (Supersedes indictment filed May 19, 2015) |
| RICHARD FERDINAND TOUSSAINT, JR. | |

**SUPERSEDING INDICTMENT**

The Grand Jury Charges:

Counts One – Eight
Health Care Fraud, Aiding and Abetting
(Violation of 18 U.S.C. §§ 1347 and 2)

THE DEFENDANT

As set forth more fully below, the defendant, **Richard Ferdinand Toussaint, Jr. (Toussaint)** is a medical doctor licensed to practice in the State of Texas. **Toussaint** is an anesthesiologist and the founder of Ascendant Anesthesia (AA).

1.  **Toussaint** provided anesthesia services personally and through AA. AA was located at 11990 North Central Expressway, Dallas, Texas, 75243.

2.  **Toussaint** and AA commonly billed, or caused to be billed, health care programs for the services allegedly performed: (1) Blue Cross Blue Shield of Texas (BCBS); (2) UnitedHealthcare (UHC); (3) the Federal Employees Health Benefits Program (FEHBP); (4) Aetna; (5) Cigna; and (6) Humana.

Superseding Indictment - Page 1

3. **Toussaint** and AA billed BCBS, UHC, FEHBP, and other programs and plans using BCBS Provider Identification Number XXXXXX4754, National Provider Identification Number XXXXXX4754, and Medicare Provider Identification Number XXXXX0934.

4. In or about 2009 and continuing to in or about 2010, **Toussaint** practiced medicine at (1) Forest Park Medical Center (FPMC) located at: 11990 North Central Expressway, Dallas, Texas 75243; and (2) Doctors Hospital at White Rock Lake (DHWRL) located at: 1151 North Buckner Boulevard, Dallas, Texas 75218.

## HEALTH CARE BENEFIT PROGRAMS

5. Blue Cross Blue Shield of Texas (BCBS), was a private health benefit plan offered in the State of Texas that provided health care benefits to individuals enrolled for coverage under individual and group policies.

6. UnitedHealthcare (UHC) was a health care insurance company that provided health care benefits to individuals enrolled for coverage under individual and group policies.

7. The Federal Employees Health Benefits Program (FEHBP) was a federally-funded health benefit program provided by the federal government for federal employees, retirees, and their eligible spouses and dependent children. Office of Personnel Management (OPM) administered the FEHBP. OPM contracted with a number of different health insurance plans, including BCBS plans.

8. Aetna was a health care insurance company that provided health care benefits to individuals enrolled for coverage under individual and group policies.

9. Cigna was a health care insurance company that provided health care benefits to individuals enrolled for coverage under individual and group policies.

10. Humana was a health care insurance company that provided health care benefits to individuals enrolled for coverage under individual and group policies

11. To obtain payment from an insurance carrier like BCBS, UHC, and other health care benefit programs, the provider or the provider's designee was required to submit claims to the insurance carrier that included, among other things, the following information: (1) the provider's unique provider identification number, (2) the patient's name, (3) the patient's diagnosis prescribed by a standardized code, (4) a description of the service(s) rendered to the patient using standardized codes, (5) the date and location the services were provided, and (6) the amount claimed for payment.

12. BCBS, UHC, FEHBP, and other health care benefit programs relied on the provider, **Toussaint**, to submit true and accurate claims.

13. BCBS, UHC, FEHBP, Aetna, Cigna, and Humana, were "health care benefit programs" as defined by 18 U.S.C. § 24(b) during the relevant time period.

## BACKGROUND ON PROPER BILLING

14. With BCBS, UHC, FEHBP, and other health care benefit programs, **Toussaint** knew that he could bill and be paid for providing medically directed

anesthesia services if he rendered the services under certain conditions. Those conditions consisted of the following:

   a. For each patient, the physician must –

      i. Perform a pre-anesthetic examination and evaluation;

      ii. Prescribe the anesthesia plan;

      iii. Ensure that any procedures in the anesthesia plan that he does not perform, are performed by a qualified individual as defined in operating instructions;

      iv. Personally participate in the most demanding aspects of the anesthesia plan including, if applicable, induction and emergence;

      v. Monitor the course of anesthesia administration at frequent intervals;

      vi. Remain physically present and available for immediate diagnosis and treatment of emergencies; and

      vii. Provide indicated post-anesthesia care.

   b. The physician cannot direct more than four anesthesia services concurrently and cannot perform any other services while he is directing the single or concurrent services so that one or more of the conditions in paragraph (a) above are not violated.

   c. The physician alone is required to specifically document that he performed the pre-anesthetic exam and evaluation, provided the indicated post-anesthesia

care, and was present during the most demanding procedures, including induction and emergence.

## MANNER AND MEANS OF THE SCHEME

15. **Toussaint** devised a scheme and artifice to defraud health care benefit programs, namely BCBS, UHC, FEHBP, Aetna, Cigna, Humana, and others, beginning in or about 2009 and continuing to in or about 2010, in the Dallas division of the Northern District of Texas, by submitting, and causing to be submitted, false and fraudulent claims for personally performing medical direction of anesthesia services for certified registered nurse anesthetists (CRNAs).

16. **Toussaint** billed for directing, but did not, in fact, direct these CRNAs. It was part of the scheme and artifice to defraud that **Toussaint**, in his claims to BCBS UHC and others:

    a. falsely represented that he was "present for" these services when he was under anesthesia undergoing surgery himself;

    b. falsely represented that he was "present for" these services when he was flying on his private jet;

    c. falsely represented that he was "present for" these services when he was in another state; and

    d. falsely represented that he was "present for" these services when he was at another hospital several miles away.

By way of example, **Toussaint** submitted or caused to be submitted several claims representing that he was present for and directing six patients at two different hospitals and was medically directing two patients while under anesthesia himself.

17. It was further part of the fraudulent scheme that **Toussaint** falsely represented, through the creation of false medical records, that he had:

   a. participated in face-to-face services;

   b. engaged in personal participation;

   c. been physically present during the most demanding and risky aspects of the anesthesia plan including, induction and emergence; and

   d. remained physically present and available for immediate diagnosis and treatment of emergencies to the patients identified in the claims.

18. In addition, despite not being there, **Toussaint** would also inflate the amount of time the procedures took in an attempt to bill more money.

19. **Toussaint** pre-signed the patient medical records, representing that services were provided before the procedures even took place.

20. **Toussaint** would hand write his initials in both the top and bottom right sections of the medical record in the "Pre-Anesthesia Consultation & Plan" and "Anesthesia & Surgical Vents" sections and then leave the hospital. He would also hand write on the chart "Present for induction and emergence" along with his initials – knowing he would not be present for these events.

Superseding Indictment - Page 6

21. In addition to personally creating false medical records and inflating anesthesia procedure time, **Toussaint** directed others to do the same, representing that he was present for these procedures when he knew he was not.

## EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

22. Paragraphs 1 through 21 are incorporated by reference as if fully set out herein.

23. Beginning in or about 2009 and continuing to in or about 2010, in the Dallas division of the Northern District of Texas, the defendant, **Richard Ferdinand Toussaint, Jr.**, aided and abetted by others known and unknown to the grand jury, did knowingly and willfully devise and execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in 18 U.S.C. § 24(b), that is, BCBS, UHC, FEHBP, and other programs and plans, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, the health care benefit program, in connection with the delivery of, and payment for, health care benefits, items, and services.

24. Specifically, on or about the listed dates below, Toussaint attempted to submit, submitted, or caused to be submitted false and fraudulent claims to BCBS, UHC, and other insurers and programs, for reimbursement for personally performing medical direction of anesthesia services for CRNAs:

| Count | First Name | Last Name | Service on or about | Insurer | Claim Number | Amount Billed |
|---|---|---|---|---|---|---|
| 1 | S. | W. | 11/21/2009 | BCBS | 00002009355502G5740X | 1533.00 |
| 2 | C. | W. | 11/21/2009 | BCBS | 00002009355505Y5500X | 1533.00 |
| 3 | N. | L. | 11/21/2009 | UHC | 237594452701 | 1533.00 |
| 4 | T. | B. | 12/31/2009 | BCBS | 0000201004350292D20X | 2941.00 |
| 5 | J. | B. | 12/31/2009 | BCBS | 0000201005350b67600x | 2813.00 |
| 6 | M. | M. | 12/31/2009 | BCBS | 0000201004050669Q30X | 3069.00 |
| 7 | S. | T. | 3/5/2010 | UHC | 251736932801 | 1533.00 |
| 8 | D. | F. | 5/14/2010 | UHC | 262377881601 | 3080.00 |
|   |   |   |   |   |   | $18,035.00 |

All in violation of 18 U.S.C. §§ 1347 and 2.

## Forfeiture Notice
### 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7)

Upon conviction of the offense alleged in Counts One-Eight of this Superseding Indictment, defendant **Richard Ferdinand Toussaint, Jr.**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, whether directly or indirectly, including the total proceeds derived from the offense (commonly referred to as "money judgment").

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above described property subject to forfeiture.

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 982(a)(7).

A TRUE BILL:

_____
FOREPERSON

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
Andrew O. Wirmani
Assistant United States Attorney
Texas State Bar No. 24052287
Katherine E. Pfeifle
1100 Commerce, Third Floor
Dallas, TX 75242
Telephone: 214-659-8681
Facsimile: 214-767-2846
andrew.wirmani@usdoj.gov
katherine.pfeifle@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

RICHARD FERDINAND TOUSSAINT, JR.

SUPERSEDING INDICTMENT

18 USC §§ 1347 and 2
Health Care Fraud, Aiding and Abetting

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7)
Forfeiture Notice

8 Counts

A true bill rendered

DALLAS                                                              FOREPERSON

Filed in open court this 17th day of February, 2016.

_____
                                                                    Clerk

**No Warrant Needed**

_____
UNITED STATES MAGISTRATE JUDGE
Criminal Case Pending: 3:15-CR-0215-P