IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO.  3:15-CR-215-O |
| RICHARD FERDINAND TOUSSAINT, JR. | |

**GOVERNMENT'S UNOPPOSED MOTION FOR HEARING
REGARDING DISPUTED FORFEITURE ALLEGATIONS**

The United States of America ("the government") respectfully requests this Court set a hearing concerning the criminal forfeiture allegations in this case, and in support states:

BACKGROUND

The government provided the Defendant Richard Toussaint with notice of its intent to seek forfeiture in this case through a forfeiture notice in the indictment and the superseding indictment, which stated that upon conviction for the offenses alleged in Counts One through Eight, the government intends to seek forfeiture of all property, real or personal, constituting, or derived from, the proceeds obtained, directly or indirectly, as the result of the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

The forfeiture notice in the superseding indictment provides notice to Toussaint that the government seeks a money judgment for the proceeds from the offenses alleged in Counts One through Eight.  Before trial, Toussaint agreed to the interlocutory sale of an airplane, which netted $3,160,99.45 and is being held pending further order.  A jury found Toussaint guilty on counts One through Three and Five through Eight alleged in

**Government's Request for a Forfeiture Hearing – Page 1**

the superseding indictment. Prior to the verdict being announced, Toussaint stated on the record that he wanted the Court to make the forfeiture determination in this case versus the jury.

## AUTHORITIES AND ARGUMENT

**A. The parties are entitled to a forfeiture hearing at or before sentencing.**

Criminal forfeiture is not discretionary. It is a *mandatory* part of a defendant's sentence. *United States v. Libretti*, 516 U.S. 29, 41 (1995) (criminal forfeiture is an element of the sentence imposed). 21 U.S.C. § 853 makes forfeiture a statutory part of the defendants' sentences and says that "[t]he court in imposing a sentence on [a person found guilty of a controlled substance offense punishable by imprisonment for more than one year] *shall* order, in addition to any other sentence imposed . . . that the person forfeit to the United States all property described in this subsection." *Id.* (emphasis added). The Supreme Court has recognized that "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied...." *United States v. Monsanto*, 491 U.S. 600, 606 (1989).

Since forfeiture is part of a defendant's sentence, there is no constitutional right to a jury determination for forfeiture matters. *Libretti*, 516 U.S. at 49. The Federal Rules of Criminal Procedure nonetheless permit the jury to be "retained to determine the forfeitability of specific property" after a guilty verdict. FED. R. CRIM. P. 32.2(b)(5)(A). This bifurcated proceeding must be "timely" requested by a party. FED. R. CRIM. P. 32.2(b)(5)(B). However, Toussaint expressly waived a jury determination in this case.

Since the jury was not retained to determine the forfeitability of specific property,

**Government's Request for a Forfeiture Hearing – Page 2**

the Court must do so. FED. R. CRIM. P. 32.2(b)(1)(A). Such a "determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." FED. R. CRIM. P. 32.2(b)(1)(B). If forfeiture is disputed, the Court is required to hold a post-trial hearing on the matter upon a party's request. *Id.*

    **B. The forfeiture hearing may proceed as a portion of the sentencing hearing, or in a separate setting under the same standards that apply at sentencing.**

The forfeiture hearing is much like a trial because the government offers evidence linking the property to the crime and the defendants have the opportunity to rebut the government's evidence. However, there are distinct differences between the defendant's trial and the forfeiture hearing. Because forfeiture is a part of sentencing, the government need only prove its chosen forfeiture by a preponderance of the evidence versus beyond a reasonable doubt. *United States v. Gasanova*, 332 F.3d 297, 300-301 (5th Cir. 2003). Additionally, the parties are permitted to call witnesses and introduce additional evidence that is not already in the record, including hearsay, during a forfeiture hearing. *See* FED. R. CRIM. P. 32.2(b)(1)(B) (the forfeiture determination may be based on evidence already in the record, or on "any additional evidence or *information* submitted by the parties and accepted by the court as relevant and reliable") (emphasis added); *United States v. Smith*, 770 F.3d 628 (7th Cir. Oct. 24, 2014) (the Federal Rules of Evidence do not apply in the forfeiture phase of a criminal trial).

While a defendant is permitted to rebut the government's evidence during a forfeiture hearing, a defendant is not permitted to use a forfeiture hearing to relitigate the

legality of his conduct.  The hearing is strictly limited to whether or not the government has established the required nexus between the property and the offence of conviction.  *See United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010) (affirming the district court's refusal to let the defendant introduce evidence regarding the defendant's culpability of the offense because the legality of the defendant's conduct is "no longer a live issue" at a forfeiture hearing).

In the event the Court rules that the government has proven by a preponderance of evidence that the property in the forfeiture notice has a sufficient nexus to the offense of conviction, the Court then issues what is commonly known as a "Preliminary Order of Forfeiture."  FED. R. CRIM. P. 32.2(b)(2).  "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final" as to a defendant when he is formally sentenced.  FED. R. CRIM. P. 32.2(b)(2)(B).  At the final stage of sentencing, "the court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing."  FED. R. CRIM. P. 32.2(b)(4)(B).  The "preliminary" order then automatically becomes a final order of forfeiture as to the defendants.  FED. R. CRIM. P. 32.2(b)(4)(B).  However, the order still remains a preliminary order as to the government until it can be determined whether any third parties wish to claim the property as their own.  The rights of third parties are determined in a parallel but separate process called an "ancillary proceeding" which is governed by FED. R. CRIM. P. 32.2(c) and resembles a pseudo-civil lawsuit that can culminate in an "ancillary hearing."  Because third party rights are protected in this

parallel, but separate, proceeding, defendants may not object to forfeiture "on the ground that property belongs, in whole or in part, to a codefendant or a third party . . . ." FED. R. CRIM. P. 32.2(c)(2).

### C. The government seeks forfeiture of cash in lieu of certain specific property and a money judgment.

In asset forfeiture there are three separate and independent kinds of forfeiture which can be used in combination: (1) "direct assets" which are property tainted by the crime such as proceeds, facilitating property, or property "involved in" money laundering; (2) "substitute assets;" and (3) "money judgments." *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999).

The Court's forfeiture jurisdiction is based on 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. 2461(c); 21 U.S.C. § 853(a); and FED. R. CRIM. P. 32.2.  Specifically, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) provide that any property, real or person, which constitutes or is derived from proceeds traceable . . . any offense constituting "specified unlawful activity" or a conspiracy to commit such an offense, which includes health care fraud (Counts One through Three and Five through Eight) is forfeitable upon conviction.

In the present case, the government seeks a forfeiture money judgment against Toussaint for Counts One through Three and Five through Eight to be partially satisfied by the net sale proceeds of an airplane that are being held by counsel for Toussaint. "Money judgment" is a shorthand term for a recognized method of forfeiture whereby a court, not a jury, determines the overall amount of directly forfeitable proceeds obtained from a crime.  *United States v. Edwards*, 303 F.3d 606, 643-644 (5th Cir. 2002).  In

accordance with FED. R. CRIM. P. 32.2(b)(2), if the Court "finds that property is subject to forfeiture it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment . . ." An *in personam* money judgment is then imposed against each defendant convicted of that crime.[1] "[A] money judgment permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant." *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006). Money judgments can be satisfied by the collection of direct assets, substitute assets, alternative means,[2] or a combination thereof. Whenever the government chooses a method of collection, it must follow the procedures for that particular method. Until then, the judgment remains an unsatisfied money judgment.

As the case law regarding money judgments explains,[3] the government is entitled

---

[1] *See*, *Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985) (criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (because criminal forfeiture is in personam, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset); and *United States v. Navarro-Ordas*, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds).

[2] *See United States v. Tedder*, 2004 WL 415270 (W.D. Wis. 2004) (discussing the application of the Federal Debt Collection Procedures Act "FDCPA" to the collection of a money judgment in a criminal forfeiture case, and denying defendant's request to transfer the collection action to another court); *United States v. Bertolo*, 55 Fed. Appx. 406, 2002 WL 31875680 (9th Cir. 2002) (Table) (noting without explanation that the government had not followed proper procedures for collection of the forfeiture judgment, and remanding to allow the government to forfeit substitute assets or collect the judgment in accordance with the Debt Collection Act); *cf. United States v. Bongiorno*, 106 F.3d 1027 (1st Cir. 1997) (*dicta*) (the government may not use the Debt Collection Act to collect a restitution order entered for the benefit of a private victim; if this had been a forfeiture judgment, the result would be different); and *United States v. Maxwell*, 189 F. Supp. 2d 395 (E.D. Va. 2002) (when defendant transfers his real property to third party to prevent government from using it to satisfy money judgment, government may sue to void the transfer under FDCPA, 28 U.S.C. §§ 3304(b) and 3306(a)).

[3] *See United States v. Vampire Nation*, 451 F.3d 189, 202 (3rd Cir. 2006) (expressly rejecting the

to a money judgment in any criminal forfeiture case where it is able to show that proceeds were derived from the criminal offense without regard to whether any particular defendant still has those proceeds in his possession or not.  Thus, if a narcotics conspiracy realizes $5 million in proceeds from the sale of drugs, members of that conspiracy are jointly and severally liable to pay a money judgment for $5 million.  If it later turns out that any defendant still has a portion of the $5 million (or property traceable thereto) in his possession, the court may order the forfeiture of that property in partial satisfaction of the money judgment and leave the balance of the judgment to be enforced in some other way.  However, there is no requirement that the government first demonstrate that the defendant has somehow alienated, concealed or dissipated the directly forfeitable property before the court may enter a forfeiture order in the form of a money judgment.

---

argument that a forfeiture order must order the forfeiture of specific property; as an *in personam* order, it may take the form of a judgment for a sum of money equal to the proceeds the defendant obtained from the offense, even if he no longer has those proceeds, or any other assets, at the time he is sentenced; such a construction of the statute is consistent with the mandatory nature of criminal forfeiture and the provision in section 853 directing courts to liberally construe its provisions to effectuate their remedial purposes); *Hall,* 434 F.3d at 59 ("the Government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of conviction;" it is entitled to a money judgment whether the defendant has the forfeited proceed, or any other assets, in his possession at all); and *United States v. Casey,* 444 F.3d 1071, 1074-76 (9th Cir. 2006) (same).

**Government's Request for a Forfeiture Hearing – Page 7**

CONCLUSION

Based upon the foregoing, the government requests the Court to schedule a forfeiture hearing in this case to determine whether the government can or has established the required nexus between the property alleged in the forfeiture notice of the indictment and the offenses of conviction.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

/s/ Mark J. Tindall
MARK J. TINDALL
Assistant United States Attorney
Texas Bar No. 24071364
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone:   214.659.8751
Facsimile:   214.659.8803
Email:       mark.tindall@usdoj.gov

CERTIFICATE OF CONFERENCE

I hereby certify that I communicated with Richard Roper, lead counsel for Richard Toussaint, and Mr. Roper stated that he agrees a hearing is necessary but will seek time to file a response to the motion prior to any hearing.

CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2016, I electronically filed the foregoing document with the clerk of the court using the Electronic Case Filing "ECF" system which will send notification of such filing to the defense counsel(s).

/s/ Mark J. Tindall
MARK J. TINDALL
Assistant United States Attorney